UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STROTHER LAWSON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CV364 RWS |
| | ) |
| WYETH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action was originally filed in state court. Plaintiff Strother Lawson was one of nine plaintiffs who brought suit against Defendants in a single state court case. The state court judge severed the plaintiffs' claims into nine individual cases. After the cases were severed Defendants removed the cases to this Court based on federal diversity jurisdiction. Defendants assert that non-diverse Defendant First Databank has been fraudulently joined in the case to defeat federal diversity jurisdiction. Plaintiff Lawson asserts that First Databank has not been fraudulently joined and has moved to remand this lawsuit to state court.

In his complaint Lawson asserts that he was injured after taking Wyeth's drug Reglan. Defendant First Databank is a citizen of Missouri. Larson alleges that First Databank produced the patient education monograph attached to the filled prescription of Reglan that Lawson obtained. Lawson alleges that First Databank was negligent and violated the Missouri Merchandising Practices Act by failing to fully inform Lawson in the patient education monograph of the risks of taking Reglan..

Defendants removed this case and asserted that First Databank has been fraudulently

joined in the suit to defeat diversity jurisdiction.

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). See also In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. at 183. To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When a plaintiff files a lawsuit in state court and includes a resident defendant, a removing defendant must establish that the resident defendant was fraudulently joint to avoid remand. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). "[I]f there is a "colorable" cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." Id. at 810. In ruling on a fraudulent joinder claim a court must "simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." Id. at 811. Stated in the converse, "'if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" Id. at 810 (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977)).

Defendants have failed to cite to any Missouri or Kentucky[1] legal precedents which preclude Lawson's cause of action against First Databank. Moreover, Lawson has proposed several theories under Missouri and Kentucky law which could support his claims. In addition, in a companion case removed to this Court, Chief Judge Catherine Perry also concluded that colorable claims can be made against First Database under Missouri and Kentucky law arising from its patient education monograph attached to filled Reglan prescriptions. See Farmer v. Wyeth, Inc., 4:11CV348 CDP (June 17, 2011). I adopt the reasons stated in that opinion as further support of my conclusion that First Database has not been fraudulently joined in this lawsuit.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Strother Lawson's motion to remand [#35] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED that** Defendants' motion for a hearing of the motion to remand [#57] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant Teva Pharmaceuticals USA, Inc.s motion to join in Defendant Wyeth. Inc.'s opposition to remand [#58] is **GRANTED**.

---

[1] The parties agree in that Missouri law or Kentucky law will control the claims against First Databank.

[2] I also adopt Judge Perry's conclusion that First Database was previously served in the state case before the case was severed and that there was no requirement to formally reserve First Database with an amended complaint and summons.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2011.